## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REGENT GODDARD, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 08-CV-569 |
| | : | |
| DELAWARE DEPARTMENT OF | : | |
| CORRECTION, COMMISSIONER CARL | : | |
| DANBERG, COMMISSIONER STAN | : | |
| TAYLOR, ANTHONY RENDINA, | : | |
| BUREAU CHIEF RICHARD KEARNEY, | : | |
| WARDEN PHELPS, WARDEN CARROLL, | : | |
| DEPUTY WARDEN PIERCE, | : | |
| CORRECTIONAL MEDICAL SERVICES, | : | |
| FIRST MEDICAL SERVICES, | : | |
| DR. DALE RODGERS, CAPT. | : | |
| MCCREANOR, JAN MCLAREN, ADRIAN | : | |
| BRANCH, LEE ANN DUNN, and | : | |
| TREATMENT ADMIN MCENTIRE, | : | |

### MEMORANDUM AND ORDER

**JOYNER, J.**                                           October 29, **2008**

Plaintiff Regent Goddard ("Plaintiff"), a pro se prisoner currently confined at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this lawsuit alleging violations of his constitutional rights.  Because Plaintiff proceeds in forma pauperis and many of his allegations are either frivolous or fail to state a claim upon which relief may be granted, the court will dismiss much of the complaint and its amendment.  Some of Plaintiff's allegations, if true, may entitle him to relief.  The court will, therefore, order service upon specific defendants on what appear to be a cognizable medical needs and failure to protect claims.  Additionally, the court will deny without

prejudice Plaintiff's Request for Counsel and will deny Plaintiff's Motion for a Mental Health Examination.  (D.I. 3, 4.)

### Plaintiff's Factual Allegations

Plaintiff has been incarcerated since 1976.  He alleges that for nearly thirty years he has been abused, badly neglected, and mistreated by Defendants.  The complaint contains numerous claims but, it is evident in reading the complaint that, the catalyst for filing this lawsuit appears to be Plaintiff's treatment, or the lack thereof, following corrective penile surgery in August 2007.  Plaintiff was ultimately taken to the emergency room and hospitalized for several days.  Plaintiff also alleges that Defendants deny or delay medical treatment for his medical conditions of degenerative disc disease, dupuytren's[1] finger, a knot in the bottom of his right instep, hearing impairment, and osteoarthritis.

Plaintiff also complains of:  (1) his housing assignment and seeks housing outside of protective custody, (2) the grievance procedure, (3) the taking of his personal property, (4) the taking of legal property, (4) the failure of prison officials to protect him from harm, and (5) retaliation.

---

[1]Dupuytren's contracture is a disease of the palmar fascia resulting in the thickening and contraction of fibrous bands on the palmar surface.  American Heritage Stedman's Medical Dictionary  243 (2d ed. 2004).

## **Standard for Sua Sponte Dismissal**

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In performing its screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000).  The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002).  A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds

upon which it rests." Bell Atl. Corp. v. Twombly, –U.S.–, 127
S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8.

A complaint does not need detailed factual allegations,
however, "a plaintiff's obligation to provide the 'grounds' of
his 'entitlement to relief' requires more than labels and
conclusions, and a formulaic recitation of the elements of a
cause of action will not do." Id. at 1965 (citations omitted).
The "[f]actual allegations must be enough to raise a right to
relief above the speculative level on the assumption that all of
the allegations in the complaint are true (even if doubtful in
fact)." Id. (citations omitted). Plaintiff is required to make
a "showing" rather than a blanket assertion of an entitlement to
relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d
Cir. 2008). "[W]ithout some factual allegation in the complaint,
a claimant cannot satisfy the requirement that he or she provide
not only "fair notice," but also the "grounds" on which the claim
rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore,
"'stating . . . a claim requires a complaint with enough factual
matter (taken as true) to suggest' the required element." Id. at
235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not
impose a probability requirement at the pleading stage,' but
instead 'simply calls for enough facts to raise a reasonable
expectation that discovery will reveal evidence of' the necessary
element." Id. at 234. Because Plaintiff proceeds pro se, his

4

pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## Discussion

### A. Eleventh Amendment Immunity

Named as a Defendant is the Delaware Department of Correction ("DOC"). The DOC is an agency of the State of Delaware. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984); Edelman v. Jordan, 415 U.S. 651 (1974). The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. Brooks-McCollum v. Delaware, 213 Fed. Appx. 92, 94 (3d Cir. 2007) (citations omitted). Based upon the foregoing, the court will dismiss the DOC as a Defendant pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as it is immune from suit.

### B. Housing

Plaintiff is currently housed in protective custody, apparently, as a result of several violent incidents Plaintiff

5

had over the years with various inmates.  Plaintiff asks for

transfers to correction institutions outside Delaware, or for a

released on detainer to Canada.  He asks "to be sent to a place

where [he] can do [his] time in peace."

Inmates have "no legitimate statutory or constitutional

entitlement" to any particular custodial classification even if a

new classification would cause that inmate to suffer a "grievous

loss." Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976).  The Due

Process Clause protects liberty interests created by the laws or

regulations of a state.  See Sandin v. Conner, 515 U .S. 472

(1995).  In Sandin, the Supreme Court held that "these interests

will be generally limited to freedom from restraint" which impose

an "atypical and significant hardship on the inmate in relation

to the ordinary incidents of prison life." Id. at 484.

Neither Delaware law nor Delaware Department of Correction

regulations create a liberty interest in a prisoner's

classification within an institution.  See Del. Code Ann. tit.

11, § 6529(e).  "'As long as the conditions or degree of

confinement to which [a] prisoner is subjected is within the

sentence imposed upon him and is not otherwise violative of the

Constitution, the Due Process Clause does not in itself subject

an inmate's treatment by prison authorities to judicial

oversight."' Hewitt v. Helms, 459 U.S. 460, 468 (1983) (quoting

Montanye v. Haymes, 427 U.S. 236, 242 (1976)).  Applying Sandin

6

and its progeny to the circumstances presented here, plaintiff's placement in protective custody does not impose upon him an "atypical and significant hardship."  See Griffin v. Vaughn, 112 F.3d 703, 708-09 (3d Cir. 1997) (15 months in administrative custody not "atypical and significant hardship").  Indeed, it appears that Plaintiff is housed in protective custody for his own well-being.

Additionally, Plaintiff seeks relief that cannot be provided by this court.  The Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose.  Walls v. Taylor, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing Brathwaite v. State, No. 169, 2003 (Del. Dec. 29, 2003).  Furthermore, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of conviction, or outside that state.  Olim v. Wakinekona, 461 U.S. 238, 251(1983).  The housing claim has no arguable basis in law or in fact and, therefore, it will be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

C.  Grievances

Paragraphs 18, 22, 26, 45, 46, 50, 51, 52, 59, 91 and 126 of the complaint allege generally that Plaintiff has filed multiple

7

grievances, to no avail.  More particularly, he alleges that Defendants refused to reply to grievances he filed, did not provide medical care he sought, and ignored his appeals.

The filing of a prison grievance is a constitutionally protected activity.  Robinson v. Taylor, 204 Fed. Appx. 155 (3d Cir. 2006).  Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances.  Booth v. King, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004).  This is because inmates do not have a constitutionally protected right to a grievance procedure.  Burnside v. Moser, 138 Fed. Appx. 414, 416 (3d Cir. 2005)(citations omitted)(failure of prison officials to process administrative grievance did not amount to a constitutional violation).  Nor does the existence of a grievance procedure confer prison inmates with any substantive constitutional rights. Hoover v. Watson, 886 F. Supp. 410, 418-419 (D. Del.), aff'd 74 F.3d 1226 (3d Cir. 1995).  Similarly, the failure to investigate a grievance does not raise a constitutional issue.  Hurley v. Blevins, No. Civ. A. 6:04CV368, 2005 WL 997317 (E.D. Tex. Mar. 28, 2005).

Plaintiff cannot maintain constitutional claims based upon his perception that his grievances were not properly processed, investigated, or that the grievance process is inadequate.

Therefore, all claims related to grievances submitted by Plaintiff are dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

   D.   <u>Statute of Limitations</u>

   The complaint was filed on August 28, 2008.[2]  In Delaware, there is a two year statute of limitations period for § 1983 claims.  <u>See</u> Del. Code Ann. tit. 10, § 8119; <u>Johnson v. Cullen</u>, 925 F. Supp. 244, 248 (D. Del. 1996).  Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action."  <u>Id.</u>  Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed.  <u>See</u> <u>Smith v. State</u>, C.A. No. 99-440-JJF, 2001 WL 845654, at *2 (D. Del. July 24, 2001).

   Paragraphs 30, 32, 79, 83, 97, 99, and 132 contain allegations against certain Defendants for their actions or inactions on dates prior to August 28, 2006.  The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised.

---

   [2]The computation of time for complaints filed by <u>pro</u> <u>se</u> inmates is determined according to the "mailbox rule."  The complaint is deemed filed as of the date it was delivered to prison officials for mailing to the court.  <u>Houston v. Lack</u>, 487 U.S. 266 (1988); <u>Burns v. Morton</u>, 134 F.3d 109, 112 (3d Cir. 1998); <u>Gibbs v. Decker</u>, 234 F. Supp. 2d 458, 463 (D. Del. 2002).  Inasmuch as the complaint was signed on August 28, 2008, this is the earliest date it could have been delivered to prison officials for mailing.

See Benak ex rel. Alliance Premier Growth Fund v. Alliance
Capital Mgmt. L.P., 435 F.3d 396, 400 n.14 (3d Cir. 2006);
Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1167 (3d Cir.
1986).  "[W]here the statute of limitations defense is obvious
from the face of the complaint and no development of the factual
record is required to determine whether dismissal is appropriate,
sua sponte dismissal under 28 U.S.C. § 1915 is permissible."
Smith v. Delaware County Court, 260 Fed. Appx. 454 (3d Cir.
2008); Wakefield v. Moore, 211 Fed. Appx. 99 (3d Cir. 2006)
(citing Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006)).
It is evident from the face of the complaint that the claims in
the foregoing listed paragraphs are barred by the two year
limitations period.  Therefore, the court will dismiss those
claims pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).
First Medical Services will be dismissed as a Defendant as all
claims raised against it are barred by the two year limitations
period.

    E.  <u>Personal Property</u>

    Plaintiff alleges in paragraph 33 that in approximately 2005
to 2006, his property and papers were unlawfully taken when he
was transferred from one housing assignment to another.  He also
filed a grievance over an occurrence on August 27, 2007 for
missing property.

A prisoner's due process claim based on random and unauthorized deprivation of property by a state actor is not actionable under § 1983, whether the deprivation is negligent or intentional, unless there is no adequate post-deprivation remedy available.  See Parratt v. Taylor, 451 U.S. 527, 542 (1981); Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Plaintiff has available to him the option of filing a common law claim for conversion of property.  Inasmuch as Delaware law provides an adequate remedy for Plaintiff, he cannot maintain a cause of action pursuant to § 1983.  See Hudson, 468 U.S. at 535; Nicholson v. Carroll, 390 F. Supp. 2d 429, 435 (D.Del. 2005); Acierno v. Preit-Rubin, Inc., 199 F.R.D. 157 (D. Del. 2001) (other citations omitted).  As currently presented, the allegations lacks an arguable basis in law or in fact and must, therefore, be dismissed as frivolous.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

F.   Failure to Train and Supervise

Plaintiff alleges that various Defendants failed to train or properly supervise their subordinates, and correction and medical personnel, who allegedly committed constitutional violations. Examples include:  Defendants failed to train and properly supervise their employees to handle and fairly respond to medical grievances (D.I. 2, ¶ 18, 80); Defendants failed to train and/or supervise employees to provide minimum adequate medical care

11

(D.I. 2, ¶ 19); and Defendants failed to train and supervise employees with regard to the taking of property (D.I. 2, § 35).

Where a need for "more or different training . . . is so obvious, and the inadequacy so likely to result in constitutional violations, that the failure to train . . . can fairly be said to represent official policy," City of Canton v. Harris, 489 U.S. 378, 390 (1978), and that failure to train "actually causes injury," a supervisor may be held liable, Id.  When resolving the issue of supervisory liability, "the focus must be on adequacy of the training program in relation to the tasks the particular officers must perform . . . .  That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the [supervisor], for the officer's shortcomings may have resulted from factors other than a faulty training program . . . .  Neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training . . . .  Moreover, for liability to attach . . . the identified deficiency in a [] training program must be closely related to the ultimate injury."  Id. at 390-91; see also Sample v. Diecks, 885 F.2d 1099, 1116-1118 (3d Cir. 1989).

Plaintiff makes general allegations regarding the failure to train and/or supervise individual correction or medical personnel who allegedly caused him injury.  The allegations are inadequate. Plaintiff attempts to assert non-cognizable claims for vicarious

liability against various supervisors by couching them in the
language of failure-to-train or failure-to-supervise claims.  For
the above reasons, the court will dismiss Plaintiff's failure to
supervise and/or train claims for failure to state a claim upon
which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)
and § 1915A(b)(1).

     G.  <u>Access to Courts</u>

     Plaintiff alleges that unnamed correction officers and
medical personnel removed his legal documents and did not return
them when he was transferred from one cell to another.  Prisoners
must be allowed "adequate, effective and meaningful" access to
the courts.  <u>Bounds v. Smith</u>, 430 U.S. 817, 822 (1977) (holding
that prisons must give inmates access to law libraries or direct
legal assistance).  "Many courts have found a cause of action for
violation of the right of access stated where it was alleged that
prison officials confiscated and/or destroyed legal materials."
<u>Zilich v. Lucht</u>, 981 F.2d 694, 695 (3d Cir. 1992) (citations
omitted).

     A violation of the First Amendment right of access to the
courts is only established where a litigant shows that he was
actually injured by the alleged denial of access.  The actual
injury requirement is a constitutional prerequisite to suit.
<u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996); <u>Christopher v. Harbury</u>,
536 U.S. 403, 415 (2002) (explaining that the constitutional

right of access is "ancillary to the underlying claim, without
which a plaintiff cannot have suffered injury by being shut out
of court").  An actual injury is shown only where a nonfrivolous,
arguable claim is lost.  Christopher, 536 U.S. at 415.

In this case, Plaintiff does not allege that the taking of
legal papers impeded his pursuit of a nonfrivolous claim.  The
court further notes that Plaintiff included an almost two inch
stack of exhibits, that included grievances he submitted,
letters, and other documents, in support of his complaint.  For
the above reasons, the court will dismiss the access to the
courts claim as frivolous and for failure to state a claim
pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

H.  Retaliation

Plaintiff makes several generic allegations of retaliation.
"Retaliation for the exercise of constitutionally protected
rights is itself a violation of rights secured by the
Constitution actionable under § 1983."  White v. Napoleon, 897
F.2d 103, 111-12 (3d Cir. 1990).  Proof of a retaliation claim
requires that Grosvenor demonstrate (1) he engaged in protected
activity; (2) he was subjected to adverse actions by a state
actor; and (3) the protected activity was a substantial
motivating factor in the state actor's decision to take adverse
action.  Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)
(quoting Mt. Healthy Bd. of Educ. v. Doyle, 429 U.S. 274, 287

14

(1977)); <u>see also</u> <u>Allah v. Seiverling</u>, 229 F.3d 220 (3d Cir. 2000) (a fact finder could conclude that retaliatory placement in administrative confinement would "deter a person of ordinary firmness from exercising his First Amendment rights" (citations omitted)).

The general allegations fall short of stating a claim for retaliation.  Moreover, it appears that many of the claims are barred by the two year statute of limitations.  Therefore, the court will dismiss the retaliation claims as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### **Miscellaneous Motions**

A.  <u>Request For Counsel</u>

Plaintiff requests counsel on the grounds that he needs assistance in obtaining discovery, he has medical issues that make writing difficult, he had mental issues and difficulties dealing with stress, he has a limited understanding of the law, he is housed in protective custody without access to a typewriter, and he has limited access to the law library.  (D.I. 3.)

A <u>pro</u> <u>se</u> litigant proceeding <u>in</u> <u>forma</u> <u>pauperis</u> has no constitutional or statutory right to representation by counsel. See <u>Ray v. Robinson</u>, 640 F.2d 474, 477 (3d Cir. 1981); <u>Parham v. Johnson</u>, 126 F.3d 454, 456-57 (3d Cir. 1997).  It is within the

court's discretion to seek representation by counsel for Plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:(1) Plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

Upon consideration of the record, the court is not persuaded that the request for counsel is warranted at this time.

16

Plaintiff has demonstrated an ability to present his claims and there is no evidence that prejudice will result in the absence of counsel.  Moreover, this case is in its early stages and the remaining Defendants have yet to be served.  Therefore, the court will deny without prejudice the Request For Counsel.  (D.I. 3.)

B.  Motion for Mental Health Exam

Plaintiff moves for a "psychological psychiatric exam" to determine the nature, scope, severity, and duration of "the mental emotional, psychological damage done."  (D.I. 4.) Plaintiff also asks to be "housed without further fear or retribution" from Defendants.  (Id.)

The court will deny without prejudice, and as premature, the motion for a mental health exam.  The court will also deny Plaintiff's request for a different housing assignment.  Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking."  Wolff v. McDonnell, 418 U.S. 539, 566 (1974).  Hence, prison administrators are accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security.  Bell v. Wolfish, 441 U.S. 520, 527 (1979).  The federal courts are not overseers of the day-to-day management of prisons, and the court will not interfere in the DOC's determination where to house Plaintiff.

17

## **Conclusion**

The court will dismiss all claims barred by the two year statute of limitations, the housing claims, grievance claims, personal property claims, failure to train and supervise claims, access to the courts claim, retaliation claims, and all other claims not specifically allowed by this Memorandum Opinion, as well as all claims against the DOC and First Medical Services pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be allowed to proceed against the remaining Defendants on the medical needs and the failure to protect claims not barred by the two year statute of limitations.  Plaintiff's Request for Counsel will be denied without prejudice and his Motion for a Mental Health Exam will be denied as premature.

An order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

REGENT GODDARD,             :   CIVIL ACTION
                            :
          v.                :   No. 08-CV-569
                            :
DELAWARE DEPARTMENT OF      :
CORRECTION, COMMISSIONER CARL:
DANBERG, COMMISSIONER STAN  :
TAYLOR, ANTHONY RENDINA,    :
BUREAU CHIEF RICHARD KEARNEY, :
WARDEN PHELPS, WARDEN CARROLL,:
DEPUTY WARDEN PIERCE,       :
CORRECTIONAL MEDICAL SERVICES,:
FIRST MEDICAL SERVICES,     :
DR. DALE RODGERS, CAPT.     :
MCCREANOR, JAN MCLAREN, ADRIAN:
BRANCH, LEE ANN DUNN, and   :
TREATMENT ADMIN MCENTIRE,   :

**ORDER**

**AND NOW**, this  29th  day of   October   , 2008, for the
reasons set forth in the preceding Memorandum Opinion, **IT IS
HEREBY ORDERED** that:

    1.  The Clerk of the Court shall cause a copy of this order
to be mailed to Plaintiff.

    2.  Plaintiff's Request for Counsel is **DENIED without
prejudice.**  (D.I. 3.)

    3.  Plaintiff's Motion for a Mental Health Exam is **DENIED** as
**premature.**  (D.I. 4.)

    4.  Plaintiff's claim against Defendants Delaware Department
of Correction and First Medical Services are **DISMISSED** pursuant

19

to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

5.   All claims barred by the two year limitations period, the housing claims, grievance claims, personal property claims, failure to train and supervise claims, access to the courts claim, retaliation claims, and all other claims not specifically allowed by the preceding Memorandum Opinion are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

6.   The court has identified what appears to be cognizable Eighth Amendment medical needs claims and failure to protect claims against the remaining Defendants Commissioner Carl Danberg, Commissioner Stan Taylor, Anthony Rendina, Bureau Chief Richard Kearney, Warden Phelps, Warden Carroll, Deputy Warden Pierce, Correctional Medical Services, Dr. Dale Rodgers, Capt. Mccreanor, Jan Mclaren, Adrian Branch, Lee Ann Dunn, and Treatment Admin Mcentire.  Plaintiff is allowed to **PROCEED** against the foregoing listed Defendants.

**IT IS FURTHER ORDERED** that:

1.   Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), Plaintiff shall provide the court with **original** "U.S. Marshal-285" forms for remaining **Defendants Commissioner Carl Danberg, Commissioner Stan Taylor, Anthony Rendina, Bureau Chief Richard Kearney, Warden Phelps, Warden Carroll, Deputy Warden Pierce, Correctional Medical Services, Dr. Dale Rodgers, Capt. Mccreanor, Jan Mclaren, Adrian Branch, Lee Ann Dunn, and Treatment Admin**

**Mcentire**, as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to Del. Code Ann. tit. 10, § 3103(c). Plaintiff shall provided the court with copies of the complaint with exhibits and the amended complaint (D.I. 2, 6) for service upon the remaining Defendants and the Attorney General. **Plaintiff is notified that the United States Marshal will not serve the complaint and amended complaint until all "U.S. Marshal 285" forms have been received by the Clerk of the Court. Failure to provide the "U.S. Marshal 285" forms and copies of the complaint with exhibits and the amended complaint for the remaining Defendants and the Attorney General within 120 days from the date of this Order may result in the Complaint being dismissed or Defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

2. Upon receipt of the form(s) required by paragraph 1 above, the United States Marshal shall forthwith serve a copy of the complaint with exhibits (D.I. 2), amended complaint (D.I. 6), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the Defendant(s) so identified in each 285 form.

3. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a Defendant, the United States Marshal shall personally serve said

Defendant(s) and said Defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P. 4(d)(1) and (2).

4.   Pursuant to Fed. R. Civ. P. 4(d)(3), a Defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent.  If a Defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

5.   No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

6.   **NOTE: \*\*\*** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place.**  An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). **\*\*\***

7.   **NOTE: \*\*\*** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without

prejudice, with leave to refile following service. ***

BY THE COURT:


s/J. Curtis Joyner
J. CURTIS JOYNER,          J.